*128
SUMMARY ORDER

Pinshuang Zhou, a native and citizen of the People’s Republic of China (“China”), seeks review of a May 19, 2008 order of the BIA, affirming the December 13, 2006 decision of Immigration Judge (“IJ”) Robert D. Weisel, which pretermits her application for asylum and denies her application for withholding of removal and relief under the Convention against Torture (“CAT”). In re Pinshuang Zhou, No. A098 460 079 (B.I.A. May 19, 2008), aff'g No. A098 460 079 (Immig. Ct. N.Y. City Dec. 13, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, we review the IJ’s decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were not affirmed by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because the BIA did not expressly adopt the IJ’s pretermission of Zhou’s asylum application, but assumed its timeliness and considered it on the merits, we also assume, without deciding, that the application was timely filed. We find no error in the agency’s conclusion that Zhou failed to establish eligibility for asylum, withholding of removal, and CAT relief. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). Contrary to Zhou’s argument, the BIA did not err in taking administrative notice of the 2007 Asylum Profile, as the information it cited was merely duplicative of information that was contained in the record in the 2005 Asylum Profile and it was not the sole basis for finding her ineligible for relief. See id. at 167-68.
The BIA reasonably found based on this record that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic and social sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. See id. at 164(finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian Province did not necessarily amount to “physical or mental coercion”). While we have recognized that, in some circumstances, “severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization,” the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner’s return to China. Id. at 161-62.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).